UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

HOUNDDOG PRODUCTION, LLC and THE MOTION
PICTURE GROUP, INC.,

|  |  |
|---|---|
| Plaintiffs, | **AFFFIRMATION IN SUPPORT** |
| -against- | **OF MOTION TO WITHDRAW** |

EMPIRE FILM GROUP, INC., DEAN HAMILTON
BORNSTEIN and ERIC PARKINSON,

09-cv-9698
(VM)(JLC)

Defendants.

-----------------------------------------------------------------------X

**JOHN E. LAWLOR, ESQ.**, an attorney at law admitted to practice in the

Courts of the State of New York and admitted to practice in this Court, affirms the

following under the penalties of perjury:

1.    To this point I have been the attorney for the Defendants herein and I

make this Affirmation in Support of my motion to be relieved as counsel for the

Defendants on the grounds that it has become obvious that I cannot continue to

represent these Defendants as they have become totally uncooperative and

uncommunicative thereby making it unreasonably difficult, if not impossible, for me

to carry out my responsibilities effectively.

2.    This matter was commenced by the filing of a Summons and Complaint

on November 20, 2009 (ECF Docket Entry 1).  I was retained to represent the

Defendants on or about December 30, 2009 and filed an answer on their behalf on

February 12, 2010 (Docket Entry 10).

3.    The matter was assigned to Magistrate James L. Cott on March 24, 2010 for settlement purposes only and a settlement conference was scheduled for March 24, 2010. That appearance was adjourned in light of the fact that discovery had not taken place. The parties thereafter exchanged their initial disclosures. Defendants' disclosures were very late in getting to me despite numerous attempts to secure documentation.

4.    A settlement conference took place on June 14, 2010 at which Eric Parkinson and another corporate representative were present on behalf of the Defendants. No settlement was reached (see Minute entries for June 14 and 16, 2010) and the Magistrate acknowledged that discovery was incomplete, though at that point was due to be completed by July 30, 2010. It should be noted that prior to and at that conference I advised Mr. Parkinson that I was "way behind" in discovery and that if the matter didn't settle a lot of documents would have to be produced quickly. Mr. Parkinson and Mr. Shefte, Empire's in-house attorney, had previously been advised of the specific deficiencies.

5.    The balance of discovery should have proceeded from that point including the scheduling of depositions. After the settlement conference I had one further phone conversation with Mr. Shefte who indicated that Mr. Parkinson was returning from a trip and that they would get together to get me the balance of what was outstanding. A number of phone calls have simply not been returned since.

6.    Plaintiffs' attorney sought Judge Marrero's intervention by letter dated July 22, 2010 and filed on July 23, 2010 (Docket Entry 18). Judge Marrero

reassigned the matter for pre-trial, non-dispositive purposes to Magistrate Cott
(Docket Entry 19).

      7.   A discovery conference between counsel and Magistrate Cott took place
on July 29, 2010 at which time I advised the court of the difficulties I was having with
my clients.

      8.   The court granted leave for me to move to be relieved as counsel and set
discovery cut-off for September 10, 2010 (Docket Entry 20).

      9.   I advised my clients in a letter dated August 4, 2010 (Exhibit "A") of the
Magistrate's determination providing each Defendant with a copy of the Magistrate's
order (Docket Entry 20), Plaintiff's counsel's letter dated July 22, 2010, and a series
of prior e-mails in which I was consistently urging my clients to provide the
documents still outstanding.  I do not wish to disclose privileged communications
and, without waiving privilege, I represent to the Court that in the July 16th e-mail I
advised the Defendants in substance that I had reservations about whether I could
continue to represent them under the circumstances and in the July 19th e-mail
(marked "3d Request") I specifically asked to be relieved based on their non-
cooperaton and the lack of communication.  None of these e-mails have been
responded to and I made a last gasp attempt yesterday, August 25th, likewise to no
avail.

      10.  It should be noted that Mr. Parkinson appears to know, to some extent,
what is going on however as, apparently in response to my August 4th overnight
package, he sent a letter directly to Judge Marrero (Docket Entry 21) in which he

refers to a letter sent to Plaintiff's counsel. I have not seen a copy of any letter sent to Plaintiff's counsel though I am advised by Mr. Ross that he received nothing more than the letter itself.

11. Mr. Parkinson's letter to Judge Marerro indicates that I "stopped communicating with the defendants". This is patently and demonstrably false and I assume reactive to my August 4th letter and the consequences of the Defendants' own neglect to this point.

12. I can no longer represent the Defendants in this action under these circumstances. I made a copy of the file on July 30th expecting to be able to turn it over to new counsel but, despite my requests on July 19th and August 4th, and Mr. Parkinson's specific representation in his letter dated August 13th, Defendants have not secured substitute counsel.

13. Based on the foregoing it is clear that I have no choice but to be relieved as it is unreasonably difficult, if not impossible, for me to effectively carry out my responsibilities.

14. New York's Rules of Professional Conduct Rule 1.16 provides in pertinent part:

(a) . . . a lawyer may withdraw from representing a client when:

(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

15.     At this point it is clear that Conduct Rule 1.16 has been satisfied and permission to withdraw is hereby sought under Conduct Rule 1.16(d) and this court's prior permission (Docket Entry 20).

16.     There has been no prior application for the relief herein sought.

17.     Service of a copy of this motion has been served on Defendants by overnight mail and e-mail as indicated below.

**WHEREFORE**, it is respectfully requested that the within Motion be granted permitting me to withdraw as counsel for the Plaintiffs as provided in Conduct Rule 1.16 and this court's prior order.

Dated:  Mineola, New York
       August 27, 2010

**JOHN E. LAWLOR, ESQ.**

Copy to:     Caplan & Ross, LLP
             via ECF

             Defendant Empire Film Group, Inc., **by overnight mail**
             1428 Chester Street, Springdale, Arkansas 72764
             (e-mail Hannoverhouse@aol.com and
             dfs.Hannoverhouse@sbcglobal.net)

             Defendant Dean Hamilton Bornstein, **by overnight mail**
             c/o Empire Film Group, Inc.
             24568 Piuma Road, Malibu, California 90265
             (e-mail Hannoverhouse@aol.com and
             dfs.Hannoverhouse@sbcglobal.net)

             Defendant Eric Parkinson, **by overnight mail**
             c/o Empire Film Group, Inc.
             1428 Chester Street, Springdale, Arkansas 72764
             (e-mail Hannoverhouse@aol.com
             dfs.Hannoverhouse@sbcglobal.net)