**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
           :

HOUNDDOG PRODUCTIONS, LLC and THE MOTION  :   Civil Action No. 09 Civ. 9698
PICTURE GROUP, INC.,
           :

                  Plaintiffs,    :

      -against-              :

EMPIRE FILM GROUP, INC., DEAN HAMILTON    :
BORNSTEIN and ERIC PARKINSON,
           :

                  Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE DEFENDANTS' ANSWERS AND FOR
ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS**

---

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT.....................................................................................................................4

POINT  I   CORPORATE DEFENDANT EMPIRE FILM GROUP, INC.
FAILED TO TIMELY ENGAGE AND RETAIN COUNSEL AS
REQUIRED BY 28 U.S.C. §1654 .......................................................................4

POINT  II  INDIVIDUAL DEFENDANTS PARKINSON AND
BORNSTEIN ARE SUBJECT TO SANCTIONS UNDER
FEDERAL RULES OF CIVIL PROCEDURE 26, 37, AND 55...........................6

      A.   Individual Defendants Have Failed to "Otherwise Defend"
this Action in Violation of Federal Rule of Civil Procedure
55.........................................................................................................6

      B.   Parkinson and Bornstein's Wrongful Conduct Necessitates
Harsh Discovery Sanctions. ..............................................................8

## TABLE OF AUTHORITIES

**Cases**

*Am. Cash Card Corp. v. AT&T Corp.*
    184 F.R.D. 521 (S.D.N.Y. 1999) ........................................................................................ 9

*Bambu Sales, Inc. v. Ozark Trading Inc.*
    58 F.3d 840 (2d Cir. 1995)............................................................................................ 8, 9

*Daval Steel Products v. M/V Fakredine*
    951 F.2d 1357 (2d Cir. 1991)........................................................................................... 8

*Eagle Assoc. v. Bank of Montreal*
    926 F.3d 1305 (2d Cir. 1991)........................................................................................... 4

*Grace v. Bank Leumi Trust Co. of N.Y.*
    443 F.3d 180 (2d Cir. 2006).............................................................................................. 4

*MRG Entertainment, Inc. v. Dean Hamilton Entertainment, Inc.*
    2002 WL 31058037 (Cal. App. 2 Dist. Sept. 17, 2002) (unpublished) ......................... 7, 10, 11

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*
    427 U.S. 639 (1976),...................................................................................................... 8, 9

*Pearson Educ., Inc. v. Kumar*
    2008 WL 4891252 (S.D.N.Y. 2008)................................................................................. 4

*Ptak Bros. Jewelry, Inc. v. Ptak*
    2009 WL 807725 (S.D.N.Y. Mar. 30, 2009) ................................................................. 5, 9

*Revson v. Cinque & Cinque, P.C.*
    221 F.3d 71 (2d Cir. 2000)............................................................................................... 9

*S.E.C. v. Research Automation Corp.*
    521 F.2d 585 (2d Cir. 1975)............................................................................................. 4

*Shapiro, Bernstein & Co. v. Continental Record Co.*
    386 F.2d 426 (2d Cir. 1967)......................................................................................... 4, 6

*Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*
    357 U.S. 197 (1958)......................................................................................................... 8

*Update Art, Inc. v. Modiin Publ'g, Ltd.*
    843 F.2d 67 (2d Cir. 1988)........................................................................................... 8, 11

*WRS, Inc. v. Plaza Entertainment Inc.*
    2008 WL 686773 (W.D.Pa. Mar. 13, 2008) ............................................................. 5, 7, 10

**Statutes**

28 U.S.C. §1654 ................................................................................................................ 4, 6

Fed.R.Civ.P. 37 ..................................................................................................................... 8

Fed.R.Civ.P. 55 ................................................................................................................ 4, 5, 6

This memorandum of law is submitted on behalf of Plaintiffs Hounddog Productions, LLC ("HDP") and The Motion Picture Group, Inc. ("TMPG") (collectively hereinafter referred to as "Plaintiffs") in support of their Motion to Strike Defendants' Answers and for Entry of Default Judgment against Defendants, pursuant to Rules 26, 37 and 55 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1654.

## PRELIMINARY STATEMENT

Defendants Empire Film Group, Inc. ("Empire"), Dean Hamilton  Bornstein ("Bornstein"), and Eric Parkinson ("Parkinson") (Empire, Bornstein and Parkinson are sometimes hereinafter collectively referred to as "Defendants") have defied two Court Orders, one compelling discovery and another requiring them to appear by counsel or, in the case of Bornstein and Parkinson, advise the Court that they are appearing *pro se.*  Defendants have utterly failed to abide by either Order and, in doing so, have demonstrated their bad faith. Empire, as a corporate entity, is an exception to 28 U.S.C. §1654 and is required to appear by counsel.  Empire's failure to retain new counsel in the wake of its attorney's withdrawal and a Court Order directing it to do so amounts to a failure to defend, making Empire subject to terminating sanctions under Rule 55(a) of the Federal Rules of Civil Procedure.  Individual defendants Bornstein and Parkinson have likewise failed to defend in this action and have also committed the egregious offense of ignoring the Court's Order compelling production.  By this motion to strike, it is evident that Defendants' conduct warrants the imposition of terminating sanctions.  Accordingly, it is respectfully submitted that Plaintiffs' motion to strike Defendants' answer and for entry of default judgment should be granted in its entirety.

**STATEMENT OF FACTS**

This Court is respectfully referred to the accompanying Declaration of Jonathan J. Ross, dated October 29, 2010 and the exhibits annexed thereto for a complete recitation of the relevant facts governing the disposition of the instant motion.  In brief, the relevant facts are as follows:

The instant copyright infringement and breach of contract action was commenced on or about November 20, 2009 when Plaintiffs filed a complaint against Defendants in the U.S. District Court, Southern District of New York.  Defendants, by their attorney, John E. Lawlor, Esq. ("Lawlor"), interposed an answer on or about February 12, 2010 (the "Answer").  Plaintiffs served their first request for production of documents on Defendants on or about March 30, 2010 (the "Request").  Defendants responded to the Request without objection and agreed to produce the requested documents.  In fact, Defendants did not produce any documents until over two months later, on June 10, 2010, on the eve of a Settlement Conference before Magistrate Cott. Defendants' document production was sparse and Defendants failed to produce a great majority of the documents called for by the Request.  Settlement discussions were unsuccessful, partially because of the lack of available discovery.

Defendants, on multiple occasions, promised to produce more documents responsive to the Request and represented that such documents were forthcoming.  However, Defendants failed to produce further documents.  On or about June 21, 2010, Plaintiffs' counsel, Jonathan J. Ross, Esq., wrote a letter to Lawlor outlining the deficiencies with Defendants' document production and requesting confirmation of a date as to when the requested documents would be produced.  Lawlor indicated that Defendants were gathering the documents, which would be produced before the July 4th holiday weekend.  No documents were ever produced.

On or about July 22, 2010, Plaintiffs' counsel wrote a letter to the Court seeking judicial intervention in order to resolve defendants' failure to produce numerous documents in response

to the Request.  By Order dated July 29, 2010, Defendants were directed to produce all relevant, responsive documents in their possession, custody, or control by September 10, 2010.

Also in the July 29, 2010 Order, Defendants' counsel was granted leave to move to withdraw as counsel for Defendants.  On or about August 27, 2010, Lawlor moved to withdraw from representing Defendants and cited Defendants' failure to communicate with him or cooperate with him as reasons for his doing so.  To his motion to withdraw, Lawlor annexed a letter he wrote to Defendants on August 4, 2010 explaining his decision and emphasizing that Defendants failed to forward documentation or otherwise communicate with him, despite his attempts to contact them on June 21, July 6, July 16, and July 19, 2010.  The letter was sent to Parkinson at the same address from which Parkinson, on behalf of all Defendants, wrote a letter to Judge Marrero regarding the allegedly "mysterious absence of the defense counsel." Parkinson's letter, dated August 13, 2010, indicated that Defendants would engage new counsel within the next week, i.e., by August 20, 2010.

By Order dated September 13, 2010, Lawlor's motion to withdraw was granted. Defendants were also ordered to direct the appearance of counsel on their behalf by October 10, 2010, or, in the case of individual defendants Bornstein and Parkison, to advise the Court if they intended to proceed *pro se*.  To date, nearly a month after the Court-imposed deadline, neither Parkinson nor Bornstein, nor corporate defendant Empire, have engaged new counsel.  Neither Parkinson nor Bornstein has represented to the Court that they will be proceeding *pro se*.

To date, Defendants have failed and refused to produce relevant, responsive documents to the Request, as mandated by the Court's July 29, 2010 Order.

## ARGUMENT

### POINT  I
### CORPORATE DEFENDANT EMPIRE FILM GROUP, INC.
### FAILED TO TIMELY ENGAGE AND RETAIN COUNSEL
### AS REQUIRED BY 28 U.S.C. §1654

In the Second Circuit, "it is settled law that a corporation cannot appear other than by its

attorney."  *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 426 (2d Cir.

1967).  *See also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006);

*Pearson Educ., Inc. v. Kumar*, 2008 WL 4891252, at *1-2 (S.D.N.Y. 2008).  Corporations are

prohibited under 28 U.S.C. §1654 from being represented by laypersons and instead they must

be represented by counsel.  *Eagle Assoc. v. Bank of Montreal*, 926 F.3d 1305, 1308-10 (2d Cir.

1991).

Moreover, "where a corporation [...] fails to appear by counsel, a default judgment may

be entered against it pursuant to [Fed.R.Civ.P.] Rule 55."  *Grace v. Bank Leumi Trust Co. of*

*N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006), *cert. denied*, 549 U.S. 1114 (2007), *citing S.E.C. v.*

*Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975).  Where the Court is faced with a

recalcitrant party who failed to comply with a court order to obtain counsel, despite being given

ample opportunity to do so, the court is within its discretion to enter default judgment.  *Eagle*

*Assoc. v. Bank of Montreal*, 926 F.3d 1305, 1308-10 (2d Cir. 1991) (holding that the district

court did not abuse its discretion in entering a default judgment against defendant partnership

where defendant failed to comply with the district court's order directing it to appear with

counsel pursuant to 28 U.S.C. §1654).  Such behavior constitutes a "cavalier disregard for a

court order [and] is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'"

*Eagle, citing Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.

1967) (appropriate to enter default judgment where, contrary to a district court order, corporation

refused to appear through an attorney).  *See also Ptak Bros. Jewelry, Inc. v. Ptak*, 2009 WL

807725, *8-9 (S.D.N.Y. Mar. 30, 2009) (granting plaintiff's motion for default judgment where

defendants failed to comply with the Court's orders to engage counsel to represent corporate

defendant despite numerous extensions of the deadline to do so).

 As a corporation, Empire is not authorized to appear *pro se* and represent itself in the

action; Empire must appear by counsel.  Empire was advised of this fact in the Court's

September 13, 2010 Order.  Parkinson, an agent for Empire, was made aware of the corporate

representation requirement in connection with a 2008 lawsuit in which he sought to reverse a

default judgment motion against him and the corporate defendant.  *See WRS, Inc. v. Plaza

Entertainment Inc.*, 2008 WL 686773 (W.D.Pa. Mar. 13, 2008). [1]  Empire also had actual notice

of Lawlor's intention to withdraw as counsel as early as August.  In fact, Parkinson, on behalf of

Empire, expressed the intention to obtain new corporate counsel by August 20, 2010 in his

August 13, 2010 letter to the Court, and Empire has had over two months to find new

representation.  The Court made clear in its September 13, 2010 Order that Empire was required

to retain counsel to represent it in this action by October 10, 2010.  In defiance of this Order,

Empire has failed and refused to engage new counsel to represent it in this action despite having

ample time to do so.  Empire has failed to "otherwise defend" this action and the Court has the

discretion to enter a default judgment against it.  Fed.R.Civ.P. 55(a)

 Given Empire's "cavalier disregard for [this] [C]ourt's order" to engage new counsel, the

Court retains the inherent authority to preclude participation of Empire, as an unrepresented

corporation, in the litigation and to strike the answer previously on file, interposed through

---

[1] Indeed, in that case, Parkinson wrote a letter purportedly on behalf of both himself, individually, and the corporate defendant seeking an opportunity to appeal default judgments against them.  The *WRS* Court made clear to Parkinson that, as a non-lawyer, Parkinson could not represent the corporate defendant, *WRS, Inc. v. Plaza Entertainment, Inc.*, 2008 WL 686773, at *14, yet Parkinson again wrote a letter on behalf of both himself and corporate defendant Empire in the instant action.  *See* Aug. 13, 2010 Letter, annexed to Ross Decl. at Exhibit G.

counsel, and to direct the entry of default judgment.  Based upon Empire's failure to

communicate with the court and to comply with the Court's September 13, 2010 directive, the

answer should be stricken and the clerk should be directed to enter the default of defendant

Empire in this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### POINT  II
### INDIVIDUAL DEFENDANTS PARKINSON AND BORNSTEIN ARE SUBJECT TO SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 26, 37, AND 55

**A.**     **Individual Defendants Have Failed to "Otherwise Defend" this Action in Violation of Federal Rule of Civil Procedure 55.**

Individuals, unlike corporations, are not required to engage counsel and may "plead and

conduct their own cases personally."  28 U.S.C. §1654.  However, individuals are still required

to "otherwise defend" in their actions or they will be subject to a default judgment pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a).  Moreover, individuals

are required to abide by court orders.

Defendants Bornstein and Parkinson (sometimes hereinafter referred to as the "Individual

Defendants") were ordered by the Court to "advise the Court by October 10, 2010 whether they

will be represented by counsel or will proceed pro se."  Sept. 13, 2010 Order.  Nearly a month

later, Defendants have failed to do so despite being given ample time to and despite having

actual notice of their attorneys' intent to withdraw since, at least, August.  In fact, Parkinson

expressed his intention to obtain new counsel by August 20, 2010 in his August 13, 2010 letter to

the Court, which was sent from the same address to which Lawlor sent his notice of withdrawal

to Defendants.  "[S]uch cavalier disregard for a court order is a failure, under Rule 55(a), to

'otherwise defend as provided by these rules.'"  *Shapiro, Bernstein & Co. v. Continental Record

Co.*, 386 F.2d 426, 426 (2d Cir. 1967) (granting plaintiffs' request for default judgment where

defendant failed to engage new counsel for 8 months despite court order to do so within 14 days).

Moreover, this is not the first time that Bornstein and Parkinson have faced a motion, for default judgment or otherwise, premised, at least partially, on issues relating to legal representation.  Parkinson was a defendant in *WRS, Inc. v. Plaza Entertainment Inc.*, 2008 WL 686773 (W.D.Pa. Mar. 13, 2008), while Bornstein was a defendant in *MRG Entertainment, Inc. v. Dean Hamilton Entertainment, Inc.*, 2002 WL 31058037 (Cal. App. 2 Dist. Sept. 17, 2002) (unpublished).  In both actions, the parties obtained counsel to represent them and counsel subsequently withdrew, delaying the respective litigations by attorney motions to withdraw and/or causing the plaintiff to file default judgment motions to move the litigation forward when defendants failed to procure new representation or defend themselves.  With respect to the former case, Parkinson had a rotating cast of attorneys and claimed that he did not have knowledge of activity in the action because of his lawyers' failure to communicate with him. *WRS, Inc.*, at *7.  Parkinson claims that Lawlor did the same here. *See Ross Decl., Ex. G.*  In *WRS*, Parkinson's first attorney, a Mr. Freitag, claimed that Parkinson failed to respond to his communications regarding the case, just as Mr. Lawlor does here. *WRS, Inc.*, at *7.

Bornstein and Parkinson are repeating history here.  Their failure to obey the Court's directive regarding representation, whether it be by counsel or *pro se*, has delayed the litigation and caused Plaintiffs to file the instant default judgment motion to move the litigation forward. Parkinson especially is using the same unbelievable defenses previously used in *WRS, Inc.* to avoid responsibility for his failure to defend and to stall the litigation.  Defendants have issued a self-imposed extension of this Court's directive to obtain counsel, even though they are both well aware of the potential consequences of doing so, and should be sanctioned for it.  Individual

Defendants' answers should be stricken and default judgment should be entered against them

pursuant to Rule 55(a).

**B.      Parkinson and Bornstein's Wrongful Conduct Necessitates Harsh Discovery Sanctions.**

Rule 37(b) of the Federal Rules of Civil Procedure, entitled "Failure to Comply with

Order," provides, in pertinent part, as follows:

> if a party…fails to obey an order to provide or permit discovery,…the court in which the action is pending may make such orders in regard to the failure as are just, and among other the following: …An order striking out pleadings or parts thereof,…or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed.R.Civ.P. 37(b)(2)(C).  The Second Circuit has recognized that, "[a]lthough entry of default

judgment is an extreme measure, discovery orders are meant to be followed." *Bambu Sales, Inc.*

*v. Ozark Trading Inc.*, 58 F.3d 840, 853 (2d Cir. 1995).  Therefore, "[a] party who flouts

[discovery orders] does so at his peril." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73

(2d Cir. 1988).

When a party engages in discovery misconduct, a court has broad discretion to impose

sanctions. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976),

*accord* Fed.R.Civ.P. 37(b)(2) and (c)(1).  When a party "disobey[s] discovery orders, thereby

preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are

appropriate." *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)

(citation omitted).  Though a sanction so drastic as striking an answer or entering a default

judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or

otherwise culpable, see, e.g., *Societe Internationale pour Participations Industrielles et*

*Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958), the decision to impose such sanctions

is committed to the sound discretion of the district court.  See, e.g., *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 642 (1976).  Factors to be considered in granting "the 'litigation-ending sanction' of a default judgment for discovery abuse [include]…(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the non-compliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.'" *Am. Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citation omitted).

Additionally, "a court, pursuant to its inherent power, may impose sanctions against a party for 'act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons,' and for 'misconduct during the course of litigation.'"  *Ptak Bros. Jewelry, Inc. v. Ptak*, 2009 WL 807725, *7 (S.D.N.Y. Mar. 30, 2009) (citations omitted) (granting plaintiff's motion for default judgment sanction where, among other things, defendants failed to timely engage and retain counsel to represent corporate defendant, made misrepresentations to the Court, and refused to comply with their discovery obligations).  An award of sanctions under the court's inherent powers "'requires both clear evidence that the challenged actions are *entirely without color*, and [are taken] for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of [the] lower courts.'" *Id., quoting Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (alterations and emphasis in original).

Although "granting of a litigation ending device such as striking the [defendants'] Answer for failure to comply with discovery orders is an extreme measure, *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 853 (2d Cir. 1995), Individual Defendants' behavior here warrants the severe sanction of striking their answer and entering default judgment against them.  A review of

9

the case history reveals that Individual Defendants have been wholly uncooperative in discovery, have refused to timely produce documents, have refused to cure their failure to produce despite multiple requests to do so, have produced documents on the eve of settlement conference thereby wasting the court's and plaintiff's resources in holding the conference at all, and have failed to produce documents which are admitted to be in existence.  Individual Defendants have repeatedly stymied discovery by failing to meet deadlines, making unfulfilled promises that documents are forthcoming, and failing to communicate with their own or plaintiffs' counsel. Individual Defendants have exhibited their bad faith in refusing to comply with discovery requests and by disobeying both of the Court's orders in this case, the July 29, 2010 Order compelling Defendants to respond to the Request and the September 13, 2010 Order directing Individual Defendants to advise whether they intended to proceed by counsel or *pro se*, which effectively extended the discovery deadline.  Individual Defendants have forced Plaintiffs to endure litigation delays, to struggle with defective data productions, to waste efforts and resources, and to expend valuable resources to compel Defendants to comply with the law.

There is no reason to believe that lesser sanctions would be effective as the Individual Defendants have been sanctioned with a default judgment or faced sanctions such as these in prior actions and have not adjusted their conduct in the instant action to avoid a similar result, despite reprimand. *See, i.e., WRS, Inc. v. Plaza Entertainment Inc.*, 2008 WL 686773 (W.D.Pa. Mar. 13, 2008) and *MRG Entertainment, Inc. v. Dean Hamilton Entertainment, Inc.*, 2002 WL 31058037 (Cal. App. 2 Dist. Sept. 17, 2002) (unpublished).  Defendants were put on notice of what was required of them and have simply failed.  Furthermore, as evidenced by the opinion of the *MRG Entertainment* court, Bornstein has a history of  discovery "tag," i.e., failing to produce documents, subsequently promising to produce documents, producing an incomplete compilation

10

of documents with a promise that it is everything, and then the subsequent revelation that more relevant and responsive documents exist. *MRG Entertainment*, at \*7. In *MRG Entertainment,* this game led to the spoliation of evidence. Parkinson has a history of pleading ignorance and blaming his attorney therefor, even in the face of supporting documentation to the contrary. Individual Defendants should not be permitted to use the same delay tactics and games to draw out litigation and avoid discovery here. Although it is not known whether evidence in the instant action has been likewise harmed or, worse, destroyed, Plaintiffs have already been severely prejudiced by Defendants' discovery games. General deterrence and the Court's interest in controlling its docket also weigh in favor of imposing sanctions.

Defendants' failure to engage counsel and their efforts to circumvent the Court's order to obtain counsel, at least with respect to the corporate Defendant, their misrepresentations to the Court and the Plaintiffs, and their failure to comply with discovery obligations have all substantially delayed these proceedings and prejudiced Plaintiffs. In sum, Defendants have "flout[ed]" this Court's Orders and should be sanctioned accordingly. *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d at 73.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike Defendants' answers and for entry of default judgment against Defendants should be granted in its entirety, and an Inquest should be scheduled to determine the amount of damages, and other relief, to be awarded to Plaintiffs.

12

Dated: October 29, 2010
     New York, New York                CAPLAN &  ROSS, LLP


By:     Brian D. Caplan (BC-1713)
          Jonathan J. Ross (JR-0581)
270 Madison Avenue, 13th Floor
New York, New York 10016
(212) 976-2376
*Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I, Jonathan J. Ross, hereby certify that on October 29, 2010, I caused a true and correct copy of the within Plaintiffs' Notice of Motion to strike Defendants' Answers and for Entry of Default Judgment against Defendants, and accompany Declaration of Jonathan J. Ross and Memorandum of Law in Support thereof, to be served by Certified and First Class Mail, upon the following:

> Eric Parkinson
> 1428 Chester St.
> Springdale, Arkansas 72764
>
> Empire Film Group, Inc.
> 1428 Chester St.
> Springdale, Arkansas 72764
>
> Empire Film Group, Inc.
> 24568 Piuma Road
> Malibu, CA 90265
>
> Dean Hamilton Bornstein
> 24568 Piuma Road
> Malibu, CA 90265

Dated: October 29, 2010
      New York, New York

Jonathan J. Ross (JR 0581)