UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HOUNDDOG PRODUCTIONS L.L.C. and
THE MOTION PICTURE GROUP, INC.,

                    Plaintiffs,

            -v.-

EMPIRE FILM GROUP, INC., DEAN
HAMILTON BORNSTEIN and
ERIC PARKINSON,

                  Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/7/11_

**REPORT AND
RECOMMENDATION**

09 Civ. 9698 (VM) (JLC)

(ECF Case)

**To the Honorable Victor Marrero, United States District Judge:**

**JAMES L. COTT, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to strike Defendants' Answers and for Entry of Default Judgment Against Defendants pursuant to Rules 26, 37, and 55 of the Federal Rules of Civil Procedure (Doc. No. 27). For the reasons that follow, I recommend that the motion be granted as to defendant Empire Film Group, Inc. ("Empire"), denied as to defendant Eric Parkinson ("Parkinson"), and stayed as to defendant Dean Hamilton Bornstein ("Bornstein").

**I.    <u>Background</u>**

    **A.    <u>The Complaint</u>**

This action arises from the distribution of a motion picture entitled *Hounddog*. According to the Complaint, which was filed on November 20, 2009, Plaintiffs are owners of the copyrights in the film, which was written, produced, and directed by Deborah Kampmeier, the principal officer and owner of Plaintiff Hounddog Productions, LLC ("Hounddog") (Doc. No. 1, ¶¶ 18-21). By agreement dated March 7, 2008 (the "Distribution Agreement"), Plaintiffs granted Empire certain exclusive distribution rights in the film. In return for the rights given to Empire,

USDC SDNY
DATE SCANNED__2/7/11__

and pursuant to the Distribution Agreement, Empire agreed to a variety of obligations, all of which, according to the Complaint, Empire has breached (<u>Id.</u> at ¶¶ 27-38).

The Complaint contains two claims for relief. The first is for copyright infringement in connection with Defendants' allegedly continuing exploitation of the film following the notice of termination of the Distribution Agreement, which Plaintiffs had given (Complaint, ¶¶ 45-53). The second is a breach of contract claim for Defendants' alleged violations of the Distribution Agreement (<u>Id.</u>, ¶¶ 54-58). Plaintiffs have sued not only Empire, but Bornstein and Parkinson as well, as the principal officers and/or shareholders of Empire who are alleged to have caused the conduct complained of in the Complaint (<u>Id.</u>, ¶¶ 4-15).

On the copyright infringement claim, Plaintiffs seek injunctive relief enjoining Defendants from copying, reproducing, distributing or otherwise infringing Plaintiffs' copyrights in *Hounddog*, as well as unspecified damages sustained as a result of the alleged infringement (<u>Id.</u> at pages 10-11, Prayer for Relief).[1] On the breach of contract claim, Plaintiffs seek a declaration that the Distribution Agreement is terminated, and that they be awarded damages of at least $2 million (<u>Id.</u> at 11).

**B.   <u>Procedural History</u>**

Defendants, represented by counsel, answered the Complaint on February 12, 2010 (Doc. No. 10). The Court held a Rule 16 conference with the parties on March 19, 2010, and referred the case to me for settlement (Doc. Nos. 12, 13). On June 14, 2010, I held an unsuccessful

---

[1]   Plaintiffs also seek an order requiring Defendants "to deliver up to be impounded during the pendency of this action all infringing copies of *Hounddog* and other infringing material in their possession and/or under their control and to deliver up for destruction all infringing copies and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of *Hounddog* may be reproduced." Complaint at page 11 (section A, iii).

settlement conference with the parties.  As a result of a discovery dispute, in which Plaintiffs

complained about Defendants' delinquency in responding to document requests, the Court

referred the case to me for general pre-trial supervision on July 26, 2010 (Doc. No. 19).  By

Order dated July 29, 2010, I directed Defendants to produce all relevant, responsive documents

in their possession, custody, and control in response to Plaintiffs' first set of document requests

no later than September 10, 2010 (Doc. No. 20).

 In attempting to resolve this discovery dispute, counsel for Defendants and his clients

had a falling out, and counsel subsequently moved to withdraw under Local Rule 1.4 (Doc. No.

24).  I granted this motion on September 10, 2010 (Doc. No. 26).  By letter to the Court dated

August 16, 2010, Parkinson advised that Defendants were attempting to engage new counsel and

wrote that "[w]ithin the next week, we will engage new counsel for all defendants, and will take

appropriate steps to comply with any filings or procedures required to proceed."  See

Declaration of Jonathan J. Ross in Support of Plaintiffs' Motion ("Ross Dec."), Ex. G (Doc. No.

29) (Letter from Eric Parkinson to the Honorable Victor Marrero dated August 13, 2010).

 Notwithstanding Parkinson's letter to the Court, no new counsel for any of the

Defendants has filed a notice of appearance to date.  By Order dated September 10, 2010, I

directed Empire, as a corporate party, to cause an appearance of counsel on its behalf no later

than October 10, 2010, since as a matter of law a corporate defendant cannot represent itself pro

se (Doc. No. 26).  I also directed the individual defendants – Parkinson and Bornstein – to advise

the Court by October 10, 2010, whether they will be represented by counsel or will proceed pro

se (or if they are retaining new counsel, that counsel may so advise the Court) (Id.).

3

### C.    The Present Motion

Following Defendants' failure to comply with the Court's discovery order compelling document production and the separate order requiring the appearance of counsel (in Empire's case) or to advise whether they are appearing by counsel or pro se (in Parkinson and Bornstein's case), Plaintiffs have now moved to strike Defendants' answer and for entry of a default judgment.  They argue that because Empire, as a corporate defendant, has failed to timely engage and retain counsel, it is in default and a default judgment may be entered against it  (Doc. No. 28; Plaintiffs' Memorandum of Law at 4).  They further contend that the individual defendants are subject to the harsh sanctions of a motion to strike the answer and a default judgment due to their failure to defend this action and comply with court orders.  In support, Plaintiffs note that this is not the first time that Parkinson and Bornstein have faced a default judgment motion "premised, at least partially, on issues related to legal representation."  Id. at 7 (citing cases in Pennsylvania and California in which Parkinson and Bornstein, respectively, failed to retain counsel and plaintiffs were forced to move for default judgments to move the cases against them forward); see Ross Dec., Exs. I, J.

Defendant Parkinson, proceeding pro se, has submitted a document entitled "Response and Notice from Defendant Eric Parkinson" dated November 22, 2010 ("Parkinson Response"), in which he advises the Court that he will be representing himself "until such time that legal counsel is obtained."  Parkinson seeks "the Court's leniency" in accepting this notification well after the date required by the Court's order.  By way of explaining his delay in responding, Parkinson advises the Court that an employee of his who is also "a close family member" suffered a critical head injury that required Parkinson's attention for seven weeks until the

4

family member's death on October 10, 2010. Parkinson Response at 1-2.[2] Parkinson contends

that he did not learn of the deadline by which he was to advise the Court of his representation

situation until November 22, 2010. Id. at 2. Parkinson does not explain what he was doing

between October 10 and November 22, except to say that he "officially returned" to work on

November 1, 2010, but promptly left town and did not return to his "regular work schedule" until

November 8, 2010. Id. Parkinson seeks "an opportunity to defend [him]self" in the case, and

contends that he had given specific instructions to prior counsel for Defendants to move for his

dismissal given his claim that he has "no contractual relationship to the Plaintiff's [sic] in [his]

capacity as an individual, and feel[s] that [he has] been named as an individual in error." Id. He

adds that he has never been an officer or director of Empire, and that his only relationship to the

parties is that in 2008 he was engaged by Empire as a "distribution consultant" to develop and

implement a marketing strategy for *Hounddog*. Id. at 3.

Defendant Bornstein sent a letter to the Clerk of the Court dated December 23, 2010

attaching a Notice of Stay of Proceeding because he is a debtor in a Chapter 11 bankruptcy case

pending in the Central District of California. Accordingly, it appears that Bornstein is seeking a

stay of this action as against him.

## II.    Discussion

### A.    The Motion Against Bornstein Should Be Stayed

As noted, Bornstein has advised the Court that he has filed for bankruptcy protection in

the Central District of California, and the Court has confirmed the filing. See In re Dean

Bornstein, 1:09-bk-13903-GM. By operation of law, this case should therefore be stayed as to

---

[2]      The Parkinson Response is not paginated, and thus I am supplying page numbers, as appropriate.

Bornstein. See 11 U.S.C. § 362(a). In a letter to the Court dated January 20, 2011, Plaintiff's

counsel has acknowledged the appropriateness of a stay as against Bornstein in light of his

bankruptcy.

The fact that Bornstein has filed for bankruptcy does not stay Plaintiffs' case against the

other defendants, as case law makes clear. See, e.g., Wynn v. AC Rochester General Motors,

Corp., 155 Fed. App'x 528, 528 (2d Cir. 2005) ("the stay [pursuant to section 362 of the

Bankruptcy Code] is not automatically applicable to the non-bankrupt co-defendants") (citing

Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986)); Demel v. Group

Benefits Plan for Employees of Northern Telecom, Inc., 07 Civ. 0189 (GBD), 2010 WL 167947,

at * 1 (S.D.N.Y. Jan. 8, 2010) ("Courts normally do not extend an automatic stay under [section]

362(a)(1) to non-debtor co-defendants") (citing Butler, 803 F.2d at 65)); In re McCormick, 381

B.R. 594, 600 (S.D.N.Y. 2008) ("The Second Circuit has explained that the automatic stay

pursuant to § 362(a) is generally limited to debtors and does not encompass non-bankrupt

codefendants.") (citations omitted). The automatic stay may apply to non-bankrupt defendants

only in special circumstances, usually "when a claim against the non-debtor will have an

immediate adverse economic consequence for the debtor's estate," Queenie, Ltd. v. Nygard

Int'l, 321 F.3d 282, 287 (2d Cir. 2003), or where removing the stay would pose "a serious threat

to the debtor's reorganization efforts." Demel, 2010 WL 167947, at *1 (quoting DeSouza v.

Plus-Funds Group, Inc., 05 Civ. 5990 (RCC) (JCF), 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1,

2006)). Such special circumstances do not exist here so as to require extending the stay to cover

the other defendants.

6

### B.     The Motion Against Empire Should Be Granted

It is well settled that corporations can only appear in court through an attorney, and may

not proceed pro se.  See, e.g., United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 92

(2d Cir. 2008); Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20, 22 (2d Cir. 1980) ("The rule

that a corporation may litigate only through a duly licensed attorney is venerable and

widespread.") (citing cases).  Moreover, "where a corporation repeatedly fails to appear by

counsel, a default judgment may be entered against it."  Grace v. Bank Leumi, 443 F.3d 180, 192

(2d Cir. 2006); Souzhou Textiles Imp. & Exp. v. Swell Fashions, Inc., No. 96 Civ. 1386 (BSJ),

1997 WL 13224, at *1 (S.D.N.Y. Jan. 15, 1997).

Since its counsel withdrew in September, 2010, Empire has taken no steps to retain

counsel or comply with the Court's discovery orders.  It was required to advise the Court by

October 10, 2010 that it had retained new counsel.  It did not do so, and now, four months later,

it has continued in its non-compliance.  Parkinson, in his November 22, 2010 submission to the

Court, makes no reference to Empire much less acknowledge the need for it to retain counsel.

This is so despite the fact that in an August 13, 2010 letter to the Court, he had represented that

"within the next week, we will engage new counsel for all defendants, and will take appropriate

steps to comply with any filings or procedures required to proceed."  Ross Dec., Ex. G (emphasis

added).  Nor does Bornstein address the issue of Empire's representation in his submission

seeking a stay.  Simply put, Empire has failed to "otherwise defend" the action, and therefore the

Clerk should be directed to enter its default pursuant to Rule 55(a).

### C.     The Motion Against Parkinson Should Be Denied

The decision whether to enter a default against Parkinson is within the "sound discretion

of a district court."  Palmieri v. Town of Babylon, 277 Fed. App'x 72, 74 (2d Cir. 2008).

7

Nonetheless, courts have expressed "[a] clear preference" for cases "to be adjudicated on the merits." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001). "[A] sanction so drastic as . . . entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990). A court must be mindful of not only the willfulness of the default, but also the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer if no default is entered. Pecarsky, 249 F.3d at 171.

In this case, Parkinson has proffered an explanation for his failure to comply with the Court's prior orders. He cites to personal circumstances for his delay, and contends that he has a viable basis for dismissal of the claims against him because he was neither an officer nor director of Empire. His submission leaves a number of questions unanswered, including why there was no response from him to the Court's orders between October 10, 2010 and November 22, 2010. The fact that he has apparently had at least one other similar experience in creating delay due to representation issues in a prior litigation is another cause for concern. See Plaintiffs' Memo of Law at 5 (citing WRS, Inc. v. Plaza Entertainment Inc., 2008 WL 686773 (W.D. Pa. Mar. 13, 2008)).

Plaintiffs have not demonstrated, however, that they have been unfairly prejudiced by the delay caused by Parkinson's responses. It appears that they are using the motion to strike the answer and for a default judgment simply as a mechanism to move this case forward. While they are understandably frustrated with the delay that has occurred, they have not justified an entry of default against Parkinson at this juncture. Even if there has been some willfulness in Parkinson's failure to comply with court orders, he has advised the Court that he wants to litigate

his defense and I recommend that he be offered that opportunity given the clear preference to adjudicate cases on the merits.

That said, Parkinson must be given a stern warning that any further failures on his part to comply with court orders may lead to entry of a default against him. If the Court agrees with the recommendation to deny an entry of default at this time, I would schedule an immediate pre-trial conference and make clear to Parkinson what his discovery obligations are as a pro se litigant, and any failure to comply with court orders would lead to my immediate recommendation to the Court that a default be entered against him.

## III.   Conclusion

I recommend that the Court grant the motion and direct that the Clerk of the Court enter default against defendant Empire under Rule 55(a), and order an inquest to determine the amount of damages, and other relief, to be awarded to Plaintiffs, as required by Rule 55(b). I recommend that the Court deny the motion against defendant Parkinson. I recommend that the Court stay the motion against defendant Bornstein and direct him to notify the Court when his bankruptcy proceedings have concluded.[3]

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

---

[3]     By separate Order issued today, I am directing the Clerk of the Court to docket Defendant Parkinson's "Response and Notice from Defendant Eric Parkinson" dated November 22, 2010, and the letter dated December 23, 2010 from Defendant Dean Bornstein to the Clerk of the Court, with attachment ("Notice of Stay of Proceeding").

Victor Marrero and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

      Dated: New York, New York
           February 7, 2011

                                JAMES L. COTT
                                United States Magistrate Judge

Copies of this Report and Recommendation are being sent via ECF and Regular Mail:

Brian D. Caplan
Jonathan Ross
Caplan & Ross, LLP
270 Madison Avenue, 13th Floor
New York, NY 10016
Email: bcaplan@caplanross.com
Email: jross@caplanross.com

Empire Film Group, Inc.
1428 Chester Street
Springdale, AR 72764

Dean Hamilton Bornstein
32107 Lindero Canyon Rd., Suite 117
Westlake Village, CA 91361

Eric Parkinson
1428 Chester Street
Springdale, AR 72764

Hon. Victor Marrero